## A08A0991. DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS, LLC v. WAGES.
## A08A0992. DAIMLERCHRYSLER MOTORS COMPANY, LLC v. WAGES.
## A08A0993. WAGES v. DAIMLERCHRYSLER MOTORS COMPANY, LLC et al.

(669 SE2d 404)

BERNES, Judge.

Marshall A. Wages purchased a 2004 Dodge Ram from Metro Dodge, Inc., an authorized Dodge dealership located in Snellville. As part of the sale, Metro agreed to pay off the loan on the vehicle that Wages was trading in. After Metro failed to pay off the loan on his trade-in vehicle, Wages filed suit against Metro and several of its officers, alleging that they were liable in contract and tort for not paying off the loan. Wages later added as defendants Metro's franchisor, DaimlerChrysler Motors Company, LLC ("Chrysler Motors"), and Metro's primary lender and creditor, DaimlerChrysler Financial Services Americas, LLC ("Chrysler Financial") based on several theories of vicarious and direct liability.[1] The Chrysler Defendants moved for summary judgment, which the trial court initially denied but later granted in part. The trial court also amended its summary judgment order to exclude the testimony of Wages's expert witness as evidence.

In Case Nos. A08A0991 and A08A0992, the Chrysler Defendants contend that the trial court erred in denying summary judgment in their favor on Wages's vicarious liability claims and on his direct liability claims for negligence, fraud, negligent misrepresentation, tortious interference with contract, conversion, punitive damages, and attorney fees.

In Case No. A08A0993, Wages contends that the trial court erred in excluding his expert's testimony; granting summary judgment to the Chrysler Defendants on his conversion claim; granting summary judgment to Chrysler Financial on the issue of whether it could be held vicariously liable for the acts and omissions of Chrysler Motors

---

[1] Chrysler Motors and Chrysler Financial will be referred to collectively as the "Chrysler Defendants."

under an "alter ego"/piercing the corporate veil theory; and granting summary judgment to Chrysler Motors on his claim that it could be held vicariously liable for Metro's alleged civil Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act violations.

The outcome of these companion appeals is controlled by our recent decision in the substantially similar case of *DaimlerChrysler Motors Co. v. Clemente*, 294 Ga. App. 38 (668 SE2d 737) (2008). Based on the discussion and legal analysis in *Clemente*, we REVERSE in Case No. A08A0991 and REMAND with the instruction that the trial court enter summary judgment in favor of Chrysler Financial; we REVERSE in Case No. A08A0992 and REMAND with the instruction that the trial court enter summary judgment in favor of Chrysler Motors; and we AFFIRM in Case No. A08A0993.

*Judgment reversed in Case No. A08A0991, and case remanded. Judgment reversed in Case No. A08A0992, and case remanded. Judgment affirmed in Case No. A08A0993. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 23, 2008 —
RECONSIDERATION DENIED NOVEMBER 13, 2008 —

*Carlock, Copeland & Stair, Douglas W. Smith, Rachel E. Sullivan*, for DaimlerChrysler Financial Services Americas, LLC.

*Sutherland, Carla W. McMillian, Suzanne H. Bertolett, Daniel H. Schlueter, Baker, Donelson, Bearman, Caldwell & Berkowitz, L. Clint Crosby*, for DaimlerChrysler Motors Company, LLC.

*White & Johnson, Karen T. White*, for Wages.